```
United States District Court
Eastern District of New York
```
------------------------------------X

Timothy Hernandez,

        Plaintiff,                       **Memorandum and Order**

  - against -                          No. 24-cv-5866 (KAM) (MMH)

BBBY Acquisition Co., LLC,

        Defendant.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

    On August 22, 2024, Timothy Hernandez ("Plaintiff") filed this civil rights action against BBBY Acquisition Co., LLC ("Defendant"), for failing to design, construct, maintain, and operate a website that is fully accessible to and independently usable by Plaintiff and other blind or visually impaired people in violation of the American with Disabilities Act, 42 U.S.C. § 12182. (*See generally* ECF No. 1, "Compl.") Plaintiff served Defendant with the summons and complaint on September 10, 2024. (ECF No. 6, Summons Returned Executed.) Defendant has not appeared or otherwise defended this action to date and, on November 21, 2024, Plaintiff filed a Request for a Certificate of Default. (ECF No. 7.) The Clerk of Court rejected Plaintiff's request on November 22, 2024 because Plaintiff failed to file proof of service of the Request for a Certificate

Default on Defendant in accordance with Local Rule 55.1, and directed Plaintiff to re-file the request with proof of service. (ECF Dkt. Order Nov. 22, 2024.)  Since then, Plaintiff has taken no further action.

In an Order dated January 2, 2025, the Court ordered Plaintiff to show cause by January 9, 2025 as to why this action should not be dismissed for failure to prosecute and failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).  (ECF Dkt. Order Jan. 2, 2025.)  The Court warned that Plaintiff's "failure to respond to this order may result in dismissal of this action without prejudice."  The Court has not received a response from Plaintiff as of the date of this order.  Plaintiff's case is therefore DISMISSED without prejudice for failure to prosecute and failure to comply with court orders.

### DISCUSSION

"Although not explicitly authorized by Rule 41(b) [of the Federal Rules of Civil Procedure], a court may dismiss a complaint for failure to prosecute *sua sponte*," and may do so for failure to prosecute and failure to comply with a court order.  *Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) (summary order) (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)).  A court considering whether to dismiss an action for failure to prosecute must weigh the following factors:

2

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. No single factor is generally dispositive.

*Id*. at 112 (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)).  The factors here favor dismissal of this case.

*First*, Plaintiff has taken no action to prosecute this case since November 2024. Plaintiff continued to take no action despite this Court's recent January 2, 2025 order, issued more than two weeks ago, that he show cause by January 9, 2025 as to why this action should not be dismissed.  The deadline for Plaintiff to make his intentions known passed more than one week ago.

*Second*, the Court's January 2, 2025 order put Plaintiff on notice that the Court would dismiss this action for failure to prosecute and failure to comply with court orders unless Plaintiff responded.  In response, Plaintiff did nothing.

*Third*, "while the prejudice to defendant and the burden on the Court are currently minimal, [P]laintiff's delay 'lean[s] in the direction of dismissal' even if 'only slightly.'"  *Rozell v. Berryhill*, No. 18-cv-969 (AJN)(JLC), 2019 WL 1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst,*

3

*Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)).  Defendant has an interest in having this case closed if Plaintiff does not intend to see it through.

*Fourth*, the Court must also consider the heavy demands of its docket.  This action has been dormant since November 2024, and Plaintiff's counsel has not indicated that Plaintiff intends to move forward with this action, despite the Court's order to inform the Court of his intentions.  "Since [P]laintiff has shown no interest in moving this case forward, the Court's need to reduce docket congestion outweighs the [P]laintiff's right to be heard in this case."  *Phair v. Suffolk Cty. Corr. Facility*, No. 19-cv-3302 (GRB) (LB), 2020 WL 3489495, at *2 (E.D.N.Y. June 26, 2020); *see also Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) ("The efficient administration of judicial affairs—a consideration vital to the Court's ability to provide meaningful access to other litigants—depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed.").

*Finally*, no lesser sanction will be effective in moving this action forward.  Plaintiff has ignored its obligation to prosecute this case, and ignored this Court's recent order to indicate how he intends to proceed.  If the case is not

4

dismissed, it will likely remain open and stalled for the foreseeable future.

Accordingly, the case is hereby DISMISSED for failure to prosecute and failure to comply with a court order. The Clerk of Court is directed to enter judgment dismissing the case without prejudice, and to close the case.

**So ordered.**

Dated:     January 22, 2025
           Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

5